# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **FRANKLIN AMERICAN MORTGAGE CORPORATION,** ) ) ) | |
| ) | No. 3:11-cv-00695 |
| **Plaintiff,** ) | |
| ) | Judge Nixon |
| v. ) | Magistrate Judge Griffin |
| ) | |
| **DIRECT MORTGAGE CORPORATION,** ) | JURY DEMAND |
| ) | |
| **Defendant.** ) | |

## ORDER

Pending before the Court is Plaintiff Direct Franklin American Mortgage Corporation's Motion for Leave to File Response in Opposition to Defendant's Two Motions to Reconsider ("Motion"). (Doc. No. 79.) Plaintiff cites to Local Rule 7.01(b) as support for its request, quoting language from the Rule that states "the prevailing party shall not respond to a motion to reconsider unless the Court orders a response. (*Id.*)

The Court finds Plaintiff's interpretation of Rule 7.01(b) is erroneous as the Rule does not apply to this situation. The Rule deals *only* with motions to reconsider where the Court's ruling on an underlying motion occurred during the time in which a party may have timely filed a reply, but before such reply was filed. In that narrow scenario, the affected party may file a motion to reconsider the ruling, in effect, requesting the Court take into consideration their reply. In that context, a response to the motion to reconsider by the prevailing party is akin to a sur-reply, which may only be filed with leave of the Court.

By contrast, here, Defendant Direct Mortgage Corporation's two motions to reconsider (Doc. Nos. 70; 76) were not filed to have the Court consider a reply filed after the Court's ruling. Thus, Plaintiff may file a response to Defendant's two motions to reconsider within fourteen

days after service of the motions, in accordance with Local Rule 7.01(b). The Motion for Leave (Doc. No. 79) is accordingly **TERMINATED AS MOOT**.

It is so ORDERED.

Entered this 24th day of September, 2013.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT